# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| HYUNDAI STEEL COMPANY, | ) |
| Plaintiff, | ) |
| and | ) |
| DONGKUK STEEL MILL CO., LTD., | ) |
| Consolidated Plaintiff, | ) |
| and | ) |
| GOVERNMENT OF THE REPUBLIC OF KOREA, | ) |
| Plaintiff-Intervenors, | ) |
| v. | ) Consol. Court No. 24-00190 |
| UNITED STATES, | ) |
| Defendant, | ) |
| and | ) |
| NUCOR CORPORATION, | ) |
| Defendant-Intervenor. | ) |

## DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

We respectfully notify the Court of the attached precedential opinion issued by the U.S. Court of Appeals for the Federal Circuit on December 5, 2025 in *Mosaic Co. v. United States*, 160 F.4th 1340 (Fed. Cir. 2025) (*Mosaic*).

In *Mosaic*, the appellant challenged Commerce's flexibility in determining whether a broadly available subsidy may still be *de facto* specific under one of the factors of 19 U.S.C.

§ 1677(5A)(D)(iii).  *Mosaic*, 160 F.4th at 1346.  Commerce had determined that an industry was a "predominant user" of a subsidy by comparing that industry to other industrial users, rather than all recipients of the subsidy.  *Id*.  Looking to the statute, the Federal Circuit noted that there was no definition of "predominant user," and that the statutory language did not require Commerce to compare subsidy usage in a particular way and "does not prescribe any method that Commerce must employ when assessing whether an 'enterprise or industry' is 'a predominant user.'"  *Id*. at 1346–47 (quoting 19 U.S.C. § 1677(5A)(D)(iii)(II)).

The Federal Circuit also examined the legislative purpose of the statute based on the Statement of Administrative Action to the Uruguay Round Agreements Act (SAA), and found that in making specificity determinations, "Congress clearly intended Commerce to have flexibility{.}"  *Id*. at 1347.  The Federal Circuit noted that the SAA stated the specificity test, "including *de jure* and *de facto* specificity, 'was intended to function as a rule of reason,'" and instructed Commerce to "seek and consider information relevant to all … [four] factors."  *Id*. (quoting SAA, H.R. Doc. No. 103-316, at 929, 931 (1994), reprinted in 1994 U.S.C.C.A.N. 4040 (alterations in original)).  The Federal Circuit held that the SAA grants Commerce "reasonable flexibility" in assessing whether a *de facto* subsidy exists, and noted its own "clear and consistent position that Commerce has reasonable flexibility in carrying out the de facto specificity inquiry."  *Id*. (citing *AK Steel Corp. v. United States*, 192 F.3d 1367, 1385 (Fed. Cir. 1999); *Gov't of Quebec v. United States*, 105 F.4th 1359, 1374 (Fed. Cir. 2024); *Royal Thai Gov't v. United States*, 436 F.3d 1330, 1335–36 (Fed. Cir. 2006)).  The Federal Circuit rejected the appellant's argument that Commerce was required to compare the use of the widely available subsidy by the industry in question against all users, holding Commerce has flexibility "to determine the comparator group."  *Id*. at 1348.

The holding of *Mosaic* is applicable here,[1] where the plaintiffs challenge Commerce's decision to compare a group of industries to all other industrial users to determine whether a subsidy was *de facto* specific. As *Mosaic* held, the question is whether Commerce made a reasoned decision in determining how to compare subsidy use, *see id*. ("Commerce must engage in reasoned decision making" when selecting comparisons for a *de facto* subsidy analysis), and the Federal Circuit looked to the record to see if Commerce's selection of comparator groups was "sufficiently reasonable" and "within Commerce's reasonable discretion." *Id*. Here, the record evidence showed that the Republic of Korea had a widely diversified economy with 78 industry sub-groupings, but three industries – each of which only represented a sub-part of a sub-grouping – consumed a disproportionately larger amount of energy than any other industries. *See generally* ECF No. 43 at 9-13. Here, consistent with the flexibility recognized by the Federal Circuit in its decision in *Mosaic*, Commerce's selection of a comparator group was based on record evidence showing electricity usage tracked on an industry-by-industry basis, and that the

---

[1] We acknowledge that the specific facts of *Mosaic* concerned a finding of *de facto* specificity due to predominant use under 19 U.S.C. § 1677(5A)(D)(iii)(II), not disproportionality under 19 U.S.C. § 1677(5A)(D)(iii)(III). *See id*. Nevertheless, *Mosaic*'s reasoning that underpins its holding equally applies to disproportionality determinations. Like "predominant use," there is no definition of "a disproportionately large amount" in the statutory framework; and, just as the statutory language "does not prescribe any method that Commerce must employ when assessing whether an 'enterprise or industry' is 'a predominant user,'" the statute also does not prescribe any method for assessing whether "{a}n enterprise or industry {is} receiv{ing} a disproportionately large amount" of a subsidy. *Compare id*., *with* 19 U.S.C. § 1677(5A)(D)(iii). Furthermore, the SAA's statements that the Federal Circuit relied upon in *Mosaic* apply equally to both predominance and disproportionality analyses, and even groups those analyses together. *See, e.g.*, SAA at 931 ("The Administration intends that Commerce seek and consider information relevant to all of these factors . . . where the number of users of a subsidy is very large, *the predominant use and disproportionality factors* would have to be assessed." (emphasis added)). Finally, in confirming that its ruling in *Mosaic* reflected "this court's clear and consistent position that Commerce has reasonable flexibility in carrying out the de facto specificity inquiry," the Federal Circuit cited cases that concerned determinations of disproportionate use. *See Mosaic* (citing *AK Steel Corp. v. United States*, 192 F.3d 1367, 1385 (Fed. Cir. 1999).

electricity usage of three industries was significantly higher than any other industry – including the next seven highest electricity consuming industries *combined*. *See id*. at 12-13. Therefore, Commerce's selection of the three industries to perform its comparison as part of the *de facto* subsidy analysis was "sufficiently reasonable." *See Mosaic*, 160 F.4th at 1348.

Dated: January 8, 2026                                         Respectfully submitted,

                                                                              BRETT A. SHUMATE
                                                                              Assistant Attorney General

                                                                              PATRICIA M. McCARTHY
                                                                              Director

                                                                              TARA K. HOGAN
                                                                              Assistant Director

Of Counsel:                                                                   /s/ Augustus Golden
JACK DUNKELMAN                                                AUGUSTUS GOLDEN
Attorney                                                                      Trial Attorney
Office of the Chief Counsel                                       Department of Justice, Civil Division
      For Trade Enforcement & Compliance         Commercial Litigation Branch
U.S. Department of Commerce                              Civil Division
                                                                             U.S. Department of Justice
                                                                             P.O. Box 480
                                                                             Ben Franklin Station
                                                                              Washington, D.C.  20044
                                                                              Telephone:     (202) 305-5915
                                                                              Augustus.J.Golden@usdoj.gov

                                                                              *Attorneys for Defendant*